### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### KANSAS CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-20056-01-CR-FJG |
| ) | |
| CARLOS DUPREE ROMIOUS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Pending before the Court is Defendant's Request to Assign a U.S. District Court Judge Due in Part to Inclusion of Felony Count 3 of Indictment; and Also Due to the Possibility of a Need to Resolve Various Intellectual Property Issues During the Course of Proceedings (Doc. #33).

### I. BACKGROUND

On May 14, 2008, the grand jury returned a three-count indictment against defendant Carlos Dupree Romious. Count 1 charges that on May 6, 2008, defendant failed to comply with regulatory signs and with the lawful direction of Federal police officers while in the United States Courthouse at 500 State Avenue, Kansas City, Kansas, in violation of 41 C.F.R. § 102-74.385. Count 2 charges that on May 6, 2008, defendant exhibited disorderly conduct while in the United States Courthouse, in violation of 41 C.F.R. §102-74.390. Count 3 charges that on May 7, 2008, defendant knowingly and forcibly resisted, opposed, impeded and interfered with Deputy United States Marshals in the performance of their official duties, in violation of 18 U.S.C. § 111(a)(1).

On May 22, 2008, District Judge Carlos Murguia and Magistrate Judge David J. Waxse of the United States District Court for the District of Kansas recused themselves and all judges in the District of Kansas from this case.  The case was reassigned to the undersigned judge of the United States District Court for the Western District of Missouri for all further proceedings.  The Order states that all further proceedings will be held in the District of Kansas unless otherwise ordered by the court.  The docket sheet in this case reflects a further order of reference to Magistrate Judge Sarah W. Hays on May 22, 2008.

On May 30, 2008, defendant Romious filed the Request to Assign a U.S. District Court Judge Due in Part to Inclusion of Felony Count 3 of Indictment; and Also Due to the Possibility of a Need to Resolve Various Intellectual Property Issues During the Course of Proceedings.  Defendant cites to 18 U.S.C. § 3401, et al. (the chapter entitled Trial By United States Magistrates), Rules 72.1.1 (Authority of United States Magistrate Judges) and 72.1.2 (Assignment of Matters to Magistrate Judges) of the Rules of Practice of the United States District Court for the District of Kansas, and the intellectual law provisions of the United States Code and of the U.S. Constitution.  (Defendant's Request at 1.)  A hearing was held before United States Magistrate Judge Hays on May 30, 2008.  At the hearing, defendant stated that he wanted a district judge to hear all the preliminary matters in the case and requested that Magistrate Judge Hays remove herself from the case.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72.1.1(c) of the Rules of Practice of the United States District Court for the District of Kansas, a district judge may designate a magistrate judge to hear and determine any nondispositive pretrial matter.  A district judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings,

and to submit to the district judge proposed findings of fact and recommendations of law for the disposition by the district judge of case dispositive motions, such as motions to dismiss and motions to suppress.  See 28 U.S.C. § 636(b)(1)(B) and Rule 72.1.1(d) of the Rules of Practice of the United States District Court for the District of Kansas.

In the United States District Court for the Western District of Missouri, district judges routinely refer all pretrial criminal matters to the magistrate judges in accordance with 28 U.S.C. § 636(b)(1)(A) and (b)(1)(B).  Defendant has presented no argument that would sway this Court from following its normal practice and procedure for the processing of criminal cases, which practice is authorized under the local rules of the District of Kansas.

### III.  CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Request to Assign a U.S. District Court Judge Due in Part to Inclusion of Felony Count 3 of Indictment; and Also Due to the Possibility of a Need to Resolve Various Intellectual Property Issues During the Course of Proceedings (Doc. #33) is denied.  It is further

ORDERED that United States Magistrate Judge Sarah W. Hays is designated to hear and determine all pretrial motions or matters now pending, or hereafter filed in this criminal action, except (1) a motion to dismiss or quash the indictment, and (2) a motion to suppress evidence, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A); and such pretrial motions or matters now pending or hereafter filed in this criminal action are hereby referred to Magistrate Judge Hays to hear and determine.

Any party may appeal from the Magistrate Judge's order determining a motion within ten days after issuance of the order unless a different time is prescribed by the Magistrate

Judge or the undersigned District Judge.  Such party shall file with the Clerk of Court, and serve the Magistrate Judge and all parties, a written statement of the appeal, which shall specifically designate the order, or part thereof, appealed from and the basis for the appeal.  The undersigned District Judge will consider the appeal and set aside any portion of the Magistrate judge's order found to be clearly erroneous or contrary to law.  The undersigned District Judge may reconsider sua sponte any motion determined by the Magistrate Judge.  It is further

ORDERED that United States Magistrate Judge Sarah W. Hays is designated to hear and process all pretrial motions to (1) dismiss or quash the indictment, and (2) suppress evidence, now pending or hereafter filed in this criminal action, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and (b)(1)(c); and all such pretrial motions now pending or hereafter filed in this criminal action are hereby referred to Magistrate Judge Hays to hear and process.

Any party may object to the Magistrate Judge's proposed findings and recommendations in respect to (1) a motion to dismiss or quash the indictment, or (2) a motion to suppress evidence, within ten days after being served with a copy of the proposed findings and recommendations.  Such party shall file with the Clerk of Court and serve the Magistrate Judge and all parties written objections which shall specifically identify the portion or portions of the proposed findings and recommendations to which an objection is made and the basis for each objection.

The undersigned District Judge will make a de novo determination of those portions of the proposed findings and recommendations to which specific objection is made, and may accept, reject or modify, in whole or in part, the proposed findings or recommendations

made by the Magistrate Judge.  The undersigned District Judge need not conduct a new hearing and may consider only the record developed before the Magistrate Judge in making his de novo determination.  The undersigned District Judge may receive further evidence, recall witnesses, or recommit the motion to the Magistrate Judge with instructions.  It is further

ORDERED that the Magistrate Judge may, in her discretion, reassign any motions referred to her pursuant to this order to another Magistrate Judge for processing and handling.  In the event of such a reassignment, the Magistrate Judge to whom the motion is reassigned is hereby designated to hear and determine or hear and process the motion in accordance with the provisions of this order.  It is further

ORDERED that all further pretrial proceedings in this case will be held in the Western District of Missouri unless otherwise ordered by the court.  It is further

ORDERED that when the processing of a motion or matter referred to the Magistrate Judge, pursuant to this order, requires the presence of a court reporter to report the proceedings, the undersigned District Judge's reporter will be made available to the Magistrate Judge.  Provided, however, the Magistrate Judge shall schedule the hearing or other proceeding on the motion or matter at a time and on a date that will not conflict with a setting before the undersigned District Judge.

 /s/Fernando J. Gaitan, Jr.
Fernando J.  Gaitan, Jr.
Chief United States District Judge

Dated:   6/3/08
Kansas City, Missouri

5